**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| TSYS Acquiring Solutions, LLC, | ) | No. CV 09-0155-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Electronic Payment Systems, LLC, | ) | |
| Defendant. | ) | |

Pending before this Court is Defendant Electronic Payment Systems, LLC's ("EPS") Motion to Transfer Related Case (Doc. 72). For the reasons that follow, the Court denies Defendant's motion.

This case was initiated by Plaintiff seeking vacatur of an arbitration award. On October 22, 2009, this Court granted Defendant's motion for summary judgment and affirmed the arbitration award in its entirety. On May 4, 2010, this Court amended its previous judgment and denied Plaintiff's request to vacate the judgment under Rules 59(e) and 60(b), and file a supplemental pleading under Rule 15(d). On May 14, Plaintiff filed a separate action seeking declaratory relief concerning the 1-800 number issue.[1] The declaratory relief action is currently pending before Judge Campbell. Defendant now seeks to have the declaratory relief action transferred to the undersigned.

---

[1] For a discussion of the 1-800 number issue, see Doc. 59.

Defendant argues that transfer is proper under LRCiv. 42.1 because the interests of judicial economy would best be served by having undersigned preside over the declaratory relief action. LRCiv. 42.1(a)(1) provides:

> Any party may file a motion to transfer the case or cases involved to a single Judge whenever two or more cases *are pending* before different Judges and any party believes that such cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) calls for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

(emphasis added).

The Court does not believe there are two cases pending within the meaning of LRCiv. 42.1. This Court entered final judgment in the original action. Although there are post-judgment motions pending in the original action, such motions pertain only to enforcement of the judgment and prejudgment interest. Defendant has not cited the Court to any case that would support the conclusion that, within these circumstances, the original action is still "pending." As such, the Court finds that transfer under the present circumstances is not countenanced by LRCiv. 42.1.

In any event, the Court does not find that the interests of judicial economy are best served by transferring the declaratory relief action to the undersigned. The original action involved only whether the arbitration award should be vacated. Although the 1-800 number issue was raised in a post-judgment motion, the Court did not have occasion to substantively resolve the issue, as the Court was presented only with the issue of whether Rules 59 or 60 permitted an amended or supplemental complaint. Because the 1-800 number issue presents a different legal analysis than vacatur of the arbitration award, the Court does not believe that the interests of judicial economy are best served by transferring the declaratory judgment action to the undersigned.

Accordingly,

**IT IS ORDERED** that Defendant Electronic Payment Systems, LLC's ("EPS") Motion to Transfer Related Case (Doc. 72) is denied.

1 | **IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this
2 | Order in Judge Campbell's case, CV 10-1060-PHX-DGC (re: Doc. 10).
3 | DATED this 13th day of July, 2010.

_____
James A. Teilborg
United States District Judge