1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9  TSYS Acquiring Solutions, LLC,        )        No. CV10-1060 PHX DGC
                                          )
10           Plaintiff,                   )
                                          )
11  vs.                                   )        **ORDER**
                                          )
12  Electronic Payment Systems, LLC,      )
                                          )
13           Defendant.                   )
    _____)

14

15        Defendant Electronic Payment Systems, LLC ("EPS") moves to amend its answer to

16  assert a new counterclaim for tortious interference with prospective business. Docs. 86, 86-1.

17  Plaintiff TSYS Acquiring Solutions, LLC ("TSYS") opposes on grounds that the

18  counterclaim fails plausibly to plead breach or termination of contract or expectancy,

19  improper motive or means, and damages.  Doc. 89.  The motion has been fully briefed

20  (Docs. 86, 89, 92), and the parties do not request oral argument.  The Court will grant the

21  motion.

22        Rule 15 of the Federal Rules of Civil Procedure declares that courts should "freely

23  give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "A motion for

24  leave to amend may be denied if it appears to be . . . legally insufficient."  *Miller v. Rykoff-*

25  *Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted).

26        A claim for tortious interference with prospective business must plead the following

27  elements: (1) "the existence of a valid contractual relationship or business expectancy";

28  (2) the interferor's "knowledge of the relationship or expectancy"; (3) "intentional

interference inducing or causing a breach or termination of the relationship or expectancy"; and (4) "resultant damage to the party whose relationship or expectancy has been disrupted." *Antwerp Diamond Exch. of Am., Inc. v. Better*, 637 P.2d 733, 740 (Ariz. 1981) (citations omitted).  The interference must also be improper as to motive or means.  *Hill v. Peterson*, 35 P.3d 417, 420 (Ariz. Ct. App. 2001).

EPS has alleged that it has a contract with Merrick Bank, that it is negotiating a renewal, and that TSYS is aware of these facts.  Doc. 86-1 at 22.  EPS also alleges that TSYS encouraged Merrick Bank to refrain from renewing the contract.  *Id.*  TSYS challenges plausibility with regard to termination of the contract or expectancy, improper motive or means, and damages.  Doc. 89.  EPS does not allege that Merrick Bank did not renew the contract, but that it did not invite EPS to a conference that would be useful in developing the contract and in conducting its business.  Doc. 86-1 at 22.

TSYS argues that the breach or termination must actually have happened and that such occurrence must be pled.  Doc. 89 at 4-5.  EPS responds that *Antwerp* recognizes liability as long as there was an effect of dampening business transactions or sales.  Doc. 92 at 4.  The Court finds this sufficient under *Antwerp* to state a claim.

TSYS argues that EPS has filed sufficiently to allege improper motive, arguing that the allegation is conclusory.  Viewed in the context of the entire answer and counterclaim, the Court finds sufficient factual allegations to support an allegation of improper  motive. TSYS' factual arguments are more properly addressed at the summary judgment stage.

Finally, TSYS argues that EPS has not alleged facts showing damages as required by *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  The Court finds that the proposed EPS counterclaim sufficiently alleges the fact of damages.  Doc. 86-1, ¶ 111.  Whether EPS can present evidence in support of that allegation may be addressed at summary judgment.

Applying the liberal amendment policy of Rule 15, EPS's motion to amend will be granted.

1      **IT IS ORDERED** that EPS's motion to amend (Doc. 86) is **granted**.  The Clerk shall

2  file the Proposed Amended Counterclaims lodged as Doc. 87.

3      DATED this 10th day of May, 2011.

_____
David G. Campbell
United States District Judge